The Honorable George Hopkins State Senator 78 Harver Hills Malvern, AR 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on the following questions:
 1. Can an elected official (ex: county clerk) pay an employee less salary than was approved by the Quorum Court even if that elected official considers said salary to be a maximum to be given in step raises?
 2. If a Quorum Court approves a percentage raise for all employees, can the elected official legally pay employees less than the approved amount?
According to correspondence attached to your request, the deputy prosecuting attorney told the county clerk that the salary could be considered a maximum, and that paying less salary was legal as long as the maximum was not exceeded.
Because these questions may raise factual issues, I am unable to offer a conclusive opinion. I lack both the resources and the authority to act as a factfinder. Generally, however, I believe the issue will focus on the Quorum Court's intent in approving the particular salary amounts or increases in question. In my opinion, if the Quorum Court intended to set the compensation as a maximum, then paying an employee less than the approved maximum would generally be lawful.
As a general matter, although the elected county officials have the authority to hire their employees (see Ark. Const. amend. 55, § 3), the power to fix the number and compensation of these employees is vested in the Quorum Court. Ark. Const. amend. 55, § 4; see also A.C.A. §§14-14-801(b)(6) and 14-14-1206(a). It must also be recognized, however, that the Quorum Court may exercise local legislative authority "not expressly prohibited by the Arkansas Constitution or by law for the affairs of the county." A.C.A. § 14-14-801(a); see also Ark. Const. amend. 55, § 1(a). My research has disclosed no statute or constitutional provision expressly prohibiting a quorum court from setting compensation as a maximum amount. And indeed, it is my understanding that this is the common practice.
With regard to determining the Quorum Court's intent, I believe the language of the specific appropriation ordinance would have to be considered, as well as any probative surrounding circumstances. Apparently, the deputy prosecuting attorney determined that the salary amount could be viewed as a maximum. This fact gains particular significance in light of the deputy prosecutor's presumed position as legal advisor to the Quorum Court. The prosecutor is the one who is perhaps best able to determine local legislative intent. I, on the other hand, am not in a position to question that determination.
In conclusion, therefore, it is my opinion that the answer to both of these questions will turn on whether the Quorum Court in fact intended to set the salary and percentage raise as maximums. If so, it is my opinion that the answer to both questions is, generally, "yes."[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
[1] This also assumes, with regard to your second question, that the different treatment accorded the employee who does not receive the full 10% raise is not unconstitutional on equal protection grounds.